81 F.3d 172
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Rivearia LAROD, Plaintiff-Appellant,
v.
Julie CONRAD, Defendant-Appellee.
 No. 95-1344.
 United States Court of Appeals, Tenth Circuit.
 March 26, 1996.
 
 Before BRORBY, EBEL, and HENRY, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Plaintiff-Appellant Rivearia Larod, an inmate at the Arkansas Valley Correctional Facility in Crowley, Colorado, filed this pro se action under 42 U.S.C.1983, alleging that Defendant-Appellee Julie Conrad violated his civil rights under color of state law.[2] The complaint makes vague allegations that Ms. Conrad failed to comply with state contract laws governing depositors and financial institutions, and that she "acted in the capacity of a police officer." Complaint at 3. The district court, construing the pro se complaint liberally, see Haines v. Kerner, 404 U.S. 519, 520-21 (1972), concluded that the allegations concerned an incident which occurred when Mr. Larod attempted to purchase something from Ms. Conrad, a retail clerk, who then reported to authorities that Mr. Larod had passed a bad check. The district court dismissed the complaint on the ground that Mr. Larod failed to allege any facts showing that Ms. Conrad acted under color of state law. We agree with the district court that the complaint is vague and conclusory and must be dismissed as legally frivolous. See 28 U.S.C.1915(d); Neitzke v. Williams, 490 U.S. 319, 327 (1989). Accordingly, for substantially the reasons set forth in the district court's July 19, 1995 Order of Dismissal, we AFFIRM. The mandate shall issue forthwith.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of Tenth Circuit Rule 36.3
 
 
 [2]
 The district court granted Appellant's motion to proceed in forma pauperis pursuant to 28 U.S.C.1915(a)